**HIGHLAND LAND CO., Limited, v. HEINER, Collector of Internal Revenue.**

No. 5481.

District Court, W. D. Pennsylvania.

Nov. 10, 1930.

S. Leo Ruslander and Samuel Kaufman, both of Pittsburgh, Pa., for plaintiff.

Louis E. Graham, of Beaver, Pa., and John A. McCann, of Pittsburgh, Pa., for the United States.

McVICAR, District Judge.

This is an action of assumpsit to recover $522.51, with interest, being the amount of the tax which the plaintiff avers was illegally assessed against him and which he was required to pay, by the defendant. The parties by written stipulation waived a jury trial. The court makes the following findings of fact and conclusions of law:

## Findings of Fact.

1. Highland Land Company, Limited, plaintiff above, is a limited partnership organized and existing under the laws of the state of Pennsylvania. Its principal office is at No. 539 Jerome street, McKeesport, Pa.

2. At the time of the payment of the tax, as hereinafter set forth, D. B. Heiner, the above-named defendant, was collector of internal revenue for the United States of America for the Twenty-Third district in the commonwealth of Pennsylvania.

3. The Highland Land Company, Limited, plaintiff above named, in compliance with the Revenue Act of 1917, duly filed its income and excess profits tax returns for the year 1917, showing no tax due. The Highland Land Company, Limited, by letter from the Commissioner of Internal Revenue dated January 9, 1925, was notified of a proposed deficiency in income and excess profits for the year 1917, in the sum of $755.07.

4. From said proposed deficiency set forth in said letter of January 9, 1925, the Highland Land Company, Limited, filed its appeal to the United States Board of Tax Appeals within the time (sixty days) provided by the Revenue Act of 1924 then in force and in accordance therewith, said appeal being docketed as docket No. 2320. In this appeal it was claimed that the said deficiency in tax claimed for 1917 was due to the erroneous action of the Commissioner of Internal Revenue in refusing to regard the plaintiff as affiliated with Bowman Bros. Company in 1917.

5. Thereafter an answer was filed by the Commissioner of Internal Revenue and hearing upon said appeal was had before the said United States Board of Tax Appeals. On June 19, 1925, the Division of the Board of Tax Appeals which heard said appeal made a decision which (after reciting the facts of the case) determined and decided that "the deficiency determined by the Commissioner is disallowed." The Commissioner took no appeal from such decision, but in due course acquiesced therein.

6. This decision of the Division became the final decision of the Board on July 19, 1925.

7. On July 2, 1925, the Commissioner of Internal Revenue assessed the tax proposed in the deficiency letter, against the plaintiff, in the full amount of $755.07, which included both profits tax and income tax for 1917. This assessment was a jeopardy assessment made by the Commissioner of Internal Revenue pursuant to section 274(d) of the Revenue Act of 1924 (26 USCA § 1051 note).

8. This jeopardy assessment was forwarded to the defendant collector on July 6, 1925, and the latter sent out a notice and demand, under date of July 17, 1925, to the plaintiff to pay said assessment of $755.07 not later than July 27, 1925.

9. On July 28, 1925, the collector was notified by the Commissioner of Internal Revenue to withhold collection.

10. On October 8, 1925, a certificate of overassessment was issued to the plaintiff in the sum of $232.56, and the assessment was abated to that extent, leaving a balance of $522.51, including interest.

11. The balance of the assessment, in the amount of $552.51, was collected from the plaintiff, by the defendant, after notice and demand, and under protest, on December 11, 1925.

12. Claim for refund was filed on July 14, 1926, and rejected on April 6, 1927. This action was commenced on December 7, 1927.

## Conclusions of Law.

1. The assessment made July 2, 1925, was a jeopardy assessment, and was authorized by section 274(d) of the Revenue Act of 1924.

2. The jeopardy assessment made by the Commissioner of Internal Revenue is conclusive on plaintiff, as it failed to file a claim in abatement, being the remedy authorized by section 274(d) of the Revenue Act of 1924.

3. The defendant is entitled to judgment in its favor, with costs.

## Opinion.

The question involved is: Is the plaintiff precluded by the emergency assessment made by the Commissioner of Internal Revenue? The assessment was made under subdivision (d), section 274, of the Revenue Act of 1924 (26 USCA § 1051 note), which reads: "If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay such deficiency shall be assessed immediately and notice and demand shall be made by the collector for the payment thereof. In such case the assessment may be made (1) without giving the notice provided in subdivision (a) of this section, or (2) before the expiration of the 60-day period provided in subdivision (a) of this section even though such notice has been given, or (3) at any time prior to the final decision by the Board upon such deficiency even though the taxpayer has filed an appeal. If

the taxpayer does not file a claim in abatement as provided in section 279 the deficiency so assessed (or, if the claim so filed covers only a part of the deficiency, then the amount not covered by the claim) shall be paid upon notice and demand from the collector."

Section 900(f), 26 USCA § 1217 note, provides when a decision of a Division of the Board shall become the final decision of the Board of Tax Appeals. It reads: " * * * A division shall hear and determine appeals filed with the board and assigned to such division by the chairman. Upon the expiration of thirty days after a decision by a division, such decision, and the findings of fact made in connection therewith, shall become the final decision and findings of the board, unless within such period the chairman has directed that such decision shall be reviewed by the board."

The decision of the Division of the Board in this case was made June 19, 1925. As no action was taken by the chairman, it became the final decision of the Board July 19, 1925. The Commissioner of Internal Revenue, therefore, had a right to make the emergency assessment which he made July 2, 1925. Plaintiff's only remedy as to such assessment was a claim in abatement. It did not avail itself of this remedy. It is, therefore, precluded by the emergency assessment made.

Let an order be prepared directing entry of judgment in favor of the defendant in accordance with the foregoing findings of fact, conclusions of law, and this opinion.